IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUDY BOWDEN, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-cv-00513 |
| | ) | |
| v. | ) | |
| | ) | |
| NEW BRITAIN FINANCIAL SERVICES, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the plaintiff, JUDY BOWDEN, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, NEW BRITAIN FINANCIAL SERVICES, LLC, the plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. JUDY BOWDEN, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Indianapolis, County of Marion, State of Indiana.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to WAMU (hereinafter, "the Debt").

6. The Debt was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. NEW BRITAIN FINANCIAL SERVICES, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Indiana. Defendant's principal place of business is located in the State of Indiana. Defendant is registered as a limited liability company in the State of Indiana.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

15. On or about January 15, 2016 Defendant sent Plaintiff a correspondence dated January 15, 2016 in an attempt to collect the Debt from Plaintiff.

16. In the aforesaid correspondence Defendant sent to Plaintiff, dated January 15, 2016, Defendant stated:

> "*Because you have refused to address this debt...be advised that as of January 29, 2016 if you have not accepted our terms and conditions, we will have exhausted all **voluntary methods of resolution**...This will be your final opportunity to resolve this matter **without the expense of additional interest and/or penalties**.*" (Emphasis added).

17. Defendant's representations, in its correspondence to Plaintiff dated January 15, 2016, had the effect of conveying to an unsophisticated consumer that Defendant intended on proceeding with "involuntary" debt collection methods such as the filing of a lawsuit and/or proceeding with garnishment action.

18. Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

19. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

20. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

21. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

22. Upon information and belief, at the time of making the aforementioned threat, Defendant could not legally file a lawsuit against Plaintiff because any lawsuit that would be filed to collect the Debt would be time barred.

23. Pursuant to Ind. Code § 34-11-2-7(1), any claim for breach of contract must be filed within six (6) years.

24. Upon information and belief, Defendant does not have a written agreement for the Debt upon which to initiate a lawsuit.

25. Plaintiff's last payment towards the Debt was in excess of six (6) years ago.

26. Defendant's representations, in its correspondence to Plaintiff dated January 15, 2016, as delineated above, were false, deceptive and misleading given that Defendant was without any method by which to enforce an "involuntary" payment of the Debt, whether garnishment or lawsuit.

27. Defendant's representations, in its correspondence to Plaintiff dated January 15, 2016, as delineated above, misrepresented the character, amount, and/or legal status of the Debt given that Defendant was unable to file a lawsuit against Plaintiff for the Debt as such a lawsuit would be time barred.

28. In or around November 2015, Defendant initiated a telephone call to Plaintiff's friend.

29. Despite having contact with Plaintiff and despite being fully cognizant of Plaintiff's location, in or around November 2015, Defendant proceeded to contact Plaintiff's friend and state that Defendant needed to speak with Plaintiff about a very important matter.

30. During the course of the aforementioned telephone call, Defendant's representative disclosed the name of Defendant despite not being expressly requested to do so.

31. During the course of the aforementioned telephone conversation, Defendant disclosed that it was a debt collector and that Plaintiff owed a debt.

32. Plaintiff's friend did not request that she be contacted by Defendant.

33. Plaintiff did not consent to Defendant contacting third parties.

34. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and failed to identify himself, failed to state that he is confirming or correcting location information concerning the consumer, and/or identified his employer without the express request of the consumer in violation of 15 U.S.C. §1692b(1);

   b. Communicated with any person other than the consumer for the purpose of acquiring location information about the consumer and stating that the consumer owes any such debt in violation of 15 U.S.C. §1692b(2);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   e. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

   f. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

   g. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   h. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

35. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

36. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JUDY BOWDEN, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**JUDY BOWDEN**

By:   s/ David M. Marco
      Attorney for Plaintiff

Dated: March 7, 2016

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:   (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithmarco.com